UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TRUSTEES OF OPERATING ENGINEERS LOCAL 324 PENSION FUND, | Case No. 11-13921 |
| Plaintiff, | HONORABLE STEPHEN J. MURPHY, III |
| v. | |
| OLD BLAST, INC., | |
| Defendant. | |

**ORDER DENYING MOTION FOR LEAVE TO INTERVENE**
(docket no. 22) **AND MOTION FOR SANCTIONS** (docket no. 33)

In the motions before the Court, third party Joyce Denonville seeks leave to intervene to move for dismissal of a garnishment issued to effectuate a consent judgment, and Defendant Old Blast, Inc. ("Old Blast") seeks sanctions against Plaintiff. For the following reasons, the Court will deny both motions.

**BACKGROUND**

On September 9, 2011, Plaintiff initiated a pension withdrawal liability action against Old Blast, formerly known as Blast & Vac, Inc. *See* Compl., ECF No. 1. The parties settled and the Court entered a consent judgment on February 16, 2012. *See* Consent J., ECF No. 11. On April 13, 2012, the Court issued a writ of garnishment to Power Vac of Michigan, Inc. ("Power Vac"), who, pursuant to a purchase agreement, had agreed to pay Old Blast $3636.51 per month through February 2016. *See* Purchase Agreement, ECF No. 25-3.

Under Michigan Court Rule 3.101(K), Old Blast had fourteen days from service of the writ to file any objections to the garnishment. Mich. Ct. R. 3.101(K)(1). On Old Blast's motion, the Court granted Old Blast an additional thirty days to file objections. *See* Order

Granting Def.'s Mot. to Extend Time to Respond to Garnishment, ECF No. 18. Old Blast did not file any objections, but on June 9, 2012, it filed the instant motion for leave to intervene on behalf of Joyce Denonville, Old Blast's majority shareholder. *See* Mot. to Intervene, ECF No. 22. Denonville seeks leave to intervene to object to the garnishment. If allowed to intervene, she intends to file a motion to dismiss the garnishment based on the Court's lack of personal jurisdiction over her, as well as unspecified "state law and equitable defenses." Mot. to Intervene at 13. She further intends to assert a constitutional challenge to Plaintiff's withdrawal liability claim against Old Blast. *See Id.*

## DISCUSSION

Plaintiff contends that (1) the April 13, 2012 garnishment against Power Vac must proceed because no objections to it have been filed; and (2) Denonville's request to intervene must be denied because she is not entitled to intervene under Civil Rule 24. The Court agrees.

I.  Denonville's request is not an objection to the garnishment

The procedure for execution of a money judgment is governed by state law. Fed. R. Civ. P. 69(a)(1). Under Michigan Court Rule 3.101(K), objections to garnishment after a judgment "may only be based on defects in or the invalidity of the garnishment proceeding itself, and may not be used to challenge the validity of the judgment previously entered." Mich. Ct. R. 3.101(K)(1). The Court Rule lists six bases for legitimate objections:

[1] the funds or property are exempt from garnishment by law;

[2] garnishment is precluded by the pendency of bankruptcy proceedings;

[3] garnishment is barred by an installment payment order;

[4] garnishment is precluded because the maximum amount permitted by law is being withheld pursuant to a higher priority garnishment or order;

[5] the judgment has been paid;

[6] the garnishment was not properly issued or is otherwise invalid.

Mich. Ct. R. 3.101(K)(2)(a)-(f).

Denonville's request to intervene is not based on any of the listed bases, and therefore does not qualify as an "objection" under the Court Rule. Denonville's argument that the Court does not have personal jurisdiction over her has no implications for the garnishment's validity, because she was not a party to the garnishment. And in any event, by moving to intervene, Denonville has submitted to the personal jurisdiction of the court, and waived any objection to the garnishment on that basis. *See* Wright, Miller, & Kane, 7C Federal Practice & Procedure: Civil (3d. ed) § 1920 p. 612. Denonville's proposed constitutional challenge to the withdrawal liability statute is not an objection under the Court Rule because it attacks the validity of the underlying judgment, rather than the garnishment proceeding itself. *See* Mich. Ct. R. 3.101(K)(1). Absent any qualifying objections, the garnishment as issued must proceed. *See* Mich. Ct. R. 3.101(J)(1).

II.    <u>Denonville is not entitled to intervene</u>

Objections aside, Denonville is not entitled to intervene. To intervene as of right under Civil Rule 24(a), an applicant must demonstrate: "(1) [the] timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). "The proposed intervenor must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied." *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989).

Denonville seeks to intervene to assert her interest in the garnished funds as Old Blast's majority shareholder. The Sixth Circuit has not determined whether a shareholder's

3

financial interest in a corporation's lawsuit is sufficient, without more, to justify intervention. *See In re Troutman Enterprises*, Inc., 286 F.3d 359, 363 (6th Cir. 2002) (declining to decide whether or not "a shareholder's financial interest in a corporation's lawsuit falls short of the requisite substantial, legal interest required for intervention" and denying intervention on other grounds). But, even if Denonville's financial stake in the funds as a shareholder is a sufficient interest under Civil Rule 24, she cannot intervene because her motion to do so is untimely, and Old Blast's participation in the case is adequate to represent her interests.

    A.  Timeliness

The timeliness of a motion to intervene is committed to the discretion of the district court. *Michigan Ass'n for Retarded Citizens v. Smith*, 657 F.2d 102, 105 (6th Cir. 1981). To evaluate the timeliness of such a motion, a court examines (1) the stage of the proceedings; (2) the proffered purpose of intervention; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) potential prejudice to the parties attributable to the proposed intervenor's delay; and (5) the existence of unusual circumstances. *Troutman Enterprises*, 286 F.3d at 365.

The Court finds Denonville's application to intervene untimely because it comes late in the proceedings, cannot achieve its proffered purpose, and no unusual circumstances require a different conclusion. Denonville filed her application only after entry of the consent judgment. "There is considerable reluctance on the part of the courts to allow intervention after [an] action has gone to judgment and a strong showing must be required of the applicant." 7C Wright, Miller & Kane, Federal Practice & Procedure: Civil (3d ed), § 1916, p. 562-63 (noting that "[m]otions for intervention after judgment ordinarily fail to meet this exacting standard and are denied."). Denonville has not made a strong showing to justify

4


post-judgment intervention. She signed the consent judgment on behalf of Old Blast; it is therefore apparent that she was aware of her interest in the case prior to entry of the judgment but still waited to intervene. Her proffered purpose for intervention is to object to the garnishment, but as discussed above, she has not set forth any valid proposed objections. Finally, she has not pointed to any unusual circumstances that justify the late request.

      B.      <u>Adequate representation</u>

An applicant for intervention bears the burden of proving that he or she is inadequately represented by a party to the suit. *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005). A presumption of adequate representation arises when the applicant shares "the same ultimate objective as the party to the suit." *Id.* at 443-44. "[A] movant fails to meet his burden of demonstrating inadequate representation when 1) no collusion is shown between the existing party and the opposition; 2) the existing party does not have any interests adverse to the intervener; and 3) the existing party has not failed in the fulfillment of its duty." *Jordan v. Michigan Conference of Teamsters Welfare Fund*, 207 F.3d 854, 863 (6th Cir. 2000).

Denonville has not met her burden. First, she and Old Blast share the same ultimate objective in this litigation because Denonville's interest in the garnished funds is entirely derivative of Old Blast's. Her only claim to the funds is her indirect claim as a shareholder; she has no direct claim as an individual. Accordingly, Old Blast's representation is presumptively adequate. *Michigan*, 424 F.3d at 443-44. Moreover, Denonville has not met her burden to demonstrate inadequate representation because she has not shown or alleged that Old Blast and Plaintiff colluded; that Old Blast's interest are adverse to hers; or that Old Blast has failed in its duty to represent their shared interest. *See Jordan*, 207

F.3d at 863. She states that Old Blast's representation is inadequate because Old Blast is already bound by the consent judgment. But that would not prevent Old Blast from objecting to the garnishment, which is what Denonville purportedly seeks to do. It is true that Old Blast could not raise Denonville's personal jurisdiction objection to the garnishment, but as discussed above, Denonville herself has waived that argument.

III. <u>Old Blast's July 24, 2012 objection is overruled</u>

On July 3, 2012, while this motion was still pending, Plaintiff issued a second writ of garnishment against Power Vac. *See* ECF No. 31. On July 24, 2012, Old Blast filed an objection, arguing only that the garnishment should not take effect "because the issues raised in Joyce Denonville's motion which may invalidate the garnishment have not yet been resolved." Objection, ECF No. 32. This order resolves those issues; the objection is therefore overruled.

IV. <u>Old Blast's motion for sanctions is denied</u>

On July 25, 2012, Old Blast filed a motion requesting the court enter sanctions against Plaintiff because Plaintiff issued its second writ of garnishment against Power Vac while this motion was pending. Mot. for Sanctions, ECF No. 33. Old Blast argues that by filing successive writs of garnishment, Plaintiff "multiplied the proceedings 'unreasonably and vexatiously.'" Mot. for Sanctions, at 4. It was not necessary for Plaintiff to issue a second writ of garnishment, but the Court does not find that the conduct merits sanctions, and will deny the motion.

**CONCLUSION**

Denonville's request to intervene will be denied because she has not shown that she is entitled to intervene. The garnishment issued against Power Vac must proceed because all objections to the garnishment have been resolved. Power Vac must immediately forward to Plaintiff all sums withheld pursuant to the garnishment. See Mich. Ct. R. 3.101(J)(1).

## ORDER

**WHEREFORE** it is hereby **ORDERED** that the motion for leave to intervene (docket no. 22) is **DENIED**.

**IT IS FURTHER ORDERED** that Old Blast's Objection to the Writ of Garnishment (docket no. 32) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Old Blast's Motion for Sanctions (docket no. 33) is **DENIED**.

**SO ORDERED**.

/s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 2, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 2, 2012, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk